J-S47011-16

2016 PA Super 189

| A.S., JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KATHLEEN G. KANE, ATTORNEY GENERAL, COMM. OF PA, LAWRENCE M. CHERBA, EXECUTIVE DEPUTY ATTY. GENERAL, COMM. OF PA, LAURA A. DITKA, CHIEF DEPUTY ATTY. GENERAL, COMM. OF PA | |
| APPEAL OF: KATHLEEN G. KANE, LAWRENCE M. CHERBA, AND LAURA A. DITKA | |
| | No. 2051 MDA 2015 |

Appeal from the Order Entered October 28, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-MD-0001010-2015

BEFORE:  SHOGAN, LAZARUS, and JENKINS, JJ.

OPINION BY SHOGAN, J.:                    **FILED AUGUST 25, 2016**

Kathleen G. Kane, Attorney General of the Commonwealth of Pennsylvania, Lawrence M. Cherba, Executive Deputy Attorney General of the Commonwealth of Pennsylvania, and Laura A. Ditka, Chief Deputy Attorney General of the Commonwealth of Pennsylvania (collectively "the Office of Attorney General"), appeal from the order entered on October 28,

2015, that overruled the denial of the private criminal complaint filed by

A.S., Jr. ("Appellee").[1] After careful review, we reverse.

The relevant background of this case was set forth by the trial court as

follows:

On October 6, 201[4], [Appellee] filed a Private Criminal Complaint by first class mail on Stacy Parks Miller, District Attorney for Centre County, Pennsylvania, and Kathleen G. Kane, Attorney General for the Commonwealth of Pennsylvania. Although Ms. Parks Miller gave no formal notice of recusal, the Office of Attorney General assumed jurisdiction over the matter. [Appellee] asserts he is the victim of criminal offenses committed by Gerald A. Sandusky. Specifically, [Appellee] alleges Sandusky committed the following crimes: Involuntary Deviate Sexual Intercourse (18 Pa.C.S.A. § 3123(a)), Sexual Assault (18 Pa.C.S.A. § 3124.1), Indecent Assault (18 Pa.C.S.A. § 3126(a)(1)-(2)), and Corruption of Minors (18 Pa.C.S.A. § 6301(a)(1)(a)). After the denial of his Private Criminal Complaint by the Office of Attorney General, [Appellee] sought review in [the Centre County Court of Common Pleas] pursuant to Pennsylvania Rule of Criminal Procedure 506.

* * *

Pursuant to Pennsylvania law, a private criminal complaint must set forth a prima facie case of criminal conduct. *In re Private Complaint of Adams*, 764 A.2d 577 (Pa. Super. 2000). "The district attorney must investigate the allegations of a properly drafted complaint to enable the exercise of his discretion concerning whether to approve or disapprove the complaint." *In re Wilson*, 879 A.2d 199, 211 (Pa. Super. 2005). When a complaint has been denied, the complainant may seek review in the Court of Common Pleas. Pa.R.Crim.P. 506. Upon review, the Court must first identify whether the prosecutor's denial was based upon a legal evaluation of the complaint, or upon policy considerations. *Wilson*, 879 A.2d at 212. When the

_____

[1] Due to the fact that a sexual offense was alleged, we identify Appellee in the caption and in our discussion utilizing initials only.

- 2 -

decision to deny the complaint is a legal one, the trial court conducts a *de novo* review, whereas when the decision is based on policy considerations, the trial court accords deference to the decision and should not interfere absent bad faith, fraud, or unconstitutionality. *Id.*

After a review of [Appellee's] Private Criminal Complaint, and an investigation, which included a meeting with [Appellee], the Office of Attorney General denied the Complaint on the basis that the statute of limitations for bringing the alleged charges had passed. This is a purely legal decision, and therefore, this Court reviews the denial de novo. In its letter denying the Private Criminal Complaint, the Office of Attorney General explained that the public employee exception, 42 Pa.C.S.A. § 5552(c), would have to be applied twice, and "that type of stacking appears to be prohibited by the statute as written." This Court does not agree.

Trial Court Opinion, 10/28/15, at 1-3. The trial court concluded that Appellee was entitled to the benefit of the amended statute of limitations at 42 Pa.C.S. § 5552, found that his cause of action was not time barred, and overruled the denial of Appellee's private criminal complaint. *Id*. at 6-7.

Following the trial court's order overruling the denial of the private criminal complaint, the Office of Attorney General filed a timely appeal. On appeal, the Office of Attorney General raises one issue:

I. IS THE PROSECUTION OF [Appellee's] PRIVATE CRIMINAL COMPLAINT AGAINST GERALD SANDUSKY BARRED AT THIS JUNCTURE BY THE APPLICABLE STATUTE OF LIMITATIONS?

The Office of Attorney General's Brief at 4.

We begin our analysis by reiterating that when the prosecuting attorney disapproves a private criminal complaint on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter.

- 3 -

*Wilson*, 879 A.2d at 214. On appeal, this Court reviews the trial court's decision for an error of law. *Id*. "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." *Id*.

Initially, we note that on November 13, 2015, after the order in the case at bar was filed, the Commonwealth Court decided *Sandusky v. Pennsylvania State Employees' Retirement Board*, 127 A.3d 34 (Pa. Cmwlth. 2015). In that case, the Commonwealth Court found that Sandusky retired from Pennsylvania State University after the 1999 football season. *Id*. at 37. Here, following the notice of appeal and the Office of Attorney General's filing of a Pa.R.A.P. 1925(b) statement, the trial court considered the *Sandusky* decision in its Pa.R.A.P. 1925(a) opinion. The trial court concluded that the statute of limitations was five years from the date of Sandusky's termination of employment in 1999. Thus, the trial court reversed its earlier position and opined that the cause of action was time barred. Pa.R.A.P. 1925(a) Opinion, 12/23/15, at 2.

The applicable statute of limitations in this case was amended several times between the date the offenses allegedly occurred and the date Appellee brought the private criminal complaint on October 6, 2014. The impact of these amendments is addressed in 1 Pa.C.S. § 1975, as follows:

> **Effect of repeal on limitations**
>
> Whenever a limitation or period of time, prescribed in any statute for acquiring a right or barring a remedy, or for any

- 4 -

other purpose, has begun to run before a statute repealing such statute takes effect, and the same or any other limitation is prescribed in any other statute passed by the same General Assembly, the time which has already run shall be deemed part of the time prescribed as such limitation in such statute passed by the same General Assembly.

1 Pa.C.S. § 1975. In addition, this Court has explained that "when a new period of limitations is enacted, and the prior period of limitations has not yet expired, in the absence of language in the statute to the contrary, the period of time accruing under the prior statute of limitations shall be applied to calculation of the new period of limitations." *Commonwealth v. Harvey*, 542 A.2d 1027, 1029-1030 (Pa. Super. 1988). However, if the prior statute of limitations expired before the new statute of limitations became effective, "[c]ase law is clear that in those situations, the cause of action has expired, and the new statute of limitations cannot serve to revive it." *Id*. at 1030.

In the case at bar, the criminal activity was alleged to have occurred in June of 1988. At that time, the applicable statute of limitations under 42 Pa.C.S. § 5552 (Act 199 of 1984)[2] required the prosecution to commence within five years from the date of the offense. Accordingly, the mechanical run date would have been June 30, 1993.

---

[2] Each amended statute appears at 42 Pa.C.S. § 5552. Thus, we refer to the multiple versions by the Act number and year.

Prior to the mechanical run date of June 30, 1993, on February 19, 1991, the relevant statute of limitations was again amended. Section 5552 (Act 208 of 1990) was amended to provide that prosecution must be commenced within five years from the date of the victim's eighteenth birthday. However, Act 208 of 1990 also provided a public-employee exception, which stated that even if the relevant statute of limitations expired, a prosecution may be commenced for: "Any offense committed by a public officer or employee in the course of or in connection with his office or employment at any time when the defendant is in public office or employment or within five years thereafter, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than eight years." Act 208 of 1990.

At the time section 5552 was amended by Act 208 of 1990, the statute of limitations under Act 199 of 1984 had not expired. Accordingly, Appellee was entitled to the newer statute of limitations. **Harvey**, 542 A.2d at 1029-1030. Thus, the statute of limitations would expire on December 26, 1994, five years after Appellee's eighteenth birthday. However, due to the public-employee exception, that mechanical run date could be extended eight years. Because Mr. Sandusky was still a public employee in 1994, the eight-year extension applied and resulted in the statute of limitations expiring on December 26, 2002.

On August 22, 2002, Act 86 of 2002 extended the statute of limitations to the victim's thirtieth birthday. Because the statute of limitations under Act 208 of 1990 had still not expired as of the effective date of Act 86 of 2002, the mechanical run date became December 26, 2001, Appellee's thirtieth birthday. However, we must take into account the public-employee exception, and therefore determine when Mr. Sandusky left his employment at the university.

As mentioned above, on November 13, 2015, the Commonwealth Court decided **Sandusky**. In that opinion, the Commonwealth Court concluded that Mr. Sandusky retired in 1999. **Id**. at 40. It is, however, unclear as to whether Mr. Sandusky's employment terminated on June 29, 1999, the day he signed his retirement papers, or on December 29, 1999, the day after the Alamo Bowl when Penn State's football season concluded. For purposes of our discussion, this determination is ultimately of no moment. Even if we use the later of the two dates, December 29, 1999, Appellee's private criminal complaint was untimely. In applying the public-employee exception, prosecution of Mr. Sandusky had to be commenced within five years of his termination of public employment. This results in a run date of, at the latest, December 29, 2004.

Effective January 29, 2007, Act 179 of 2006 amended section 5552. Pursuant to this amendment, the statute of limitations was extended to a victim's fiftieth birthday. We conclude, however, that Appellee is not entitled

to the benefit of Act 179 of 2006 because, as of the effective date of Act 179 of 2006, January 29, 2007, the December 29, 2004 run date we determined above had passed. Accordingly, the time in which Appellee could have brought his claims had expired prior to the effective date of Act 179 of 2006.

For the foregoing reasons, we conclude that Appellee's October 6, 2014 private criminal complaint was time barred as the statute of limitations had expired. Accordingly, we reverse the trial court's order that overruled the Office of Attorney General's denial of Appellee's private criminal complaint.

Order reversed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2016