J-S17034-33

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PETER CZERWONKA | |
| Appellant | No. 1794 EDA 2021 |

Appeal from the Order Entered August 30, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-MD-0001264-2021

BEFORE:  BOWES, J., LAZARUS, J. AND STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 21, 2022**

Appellant, Peter Czerwonka, appeals from an order denying his appeal from the Commonwealth's disapproval of his private complaint against his mother, Nora Czerwonka ("Mother"), pursuant to Pennsylvania Rule of Criminal Procedure 506.   We affirm.

On June 11, 2021, Appellant filed a private criminal complaint against Mother alleging criminal trespass in violation of 18 Pa.C.S.A. § 3503(a)(1)(ii). The complaint alleged that Mother

> managed to break into [Appellant's] locked car and criminally trespass without [his] permission using a spare key that [Mother] had happened to find that was still at the home where she lives. [Appellant] own[s] the car . . .  [Mother] put inside some of [his] property that was stolen from [his] Grandmom's . . . house in Philadelphia County.

Appellant continued that "[c]onsidering [Mother] has stolen before, [he] cannot guarantee that other property that [he] had in [his] car was not stolen

from [his] car." *Id.* Appellant included emails from Mother with his complaint. In one email, she wrote:

> I would like to safely give you your car contents (2 plastic bags). There are 2 possible options: 1) I can lock your things in your car using the emergency spare car keys that we have here . . . 2) You could pick up your things at dad's office at around 6 pm on a certain day when only Aunt Arlene is there. Which one of these is a good option for you.

Mother later informed Appellant via text message that "I put 3 bags of your car contents in your car as per the email." Appellant claimed the evidence included a "willful admission that [Mother] committed crimes, and [Mother's] handwriting on the signs labeling the bags." *Id.* Appellant also included a photocopy of the certificate of title for a 2004 Buick Sedan registered to Appellant.

On July 15, 2021, Assistant District Attorney Kelly Lloyd sent a letter to Appellant along with a Notice and Record of Disapproval stating that his request to initiate criminal charges against Mother was disapproved. ADA Lloyd's letter stated that Appellant's request was disapproved because of the "interest of justice" and because it "lack[ed] prosecutorial merit."

On August 5, 2021, Appellant appealed the District Attorney's decision to the Court of Common Pleas of Montgomery County. On August 27, 2021, the court held a hearing in which Appellant testified. On August 30, 2021, the court affirmed the decision disapproving Appellant's private criminal complaint. Appellant filed a timely appeal to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal:

I. Is it an error of fact to state that "Complainant alleges Nora Czerwonka entered his car without his permission and placed his property inside the car" (R. 5a) versus that Nora Czerwonka broke into Appellant's car, to which Appellant testified?

II. Is it an error of law to state that the charge alleged and applicable is 18 Pa.[C.S.A.] § 3503 (a.1.), essentially (i.), and not 18 Pa.[C.S.A.] § 3503 (a.1.ii.)?

III. Does the Attorney for the Commonwealth Kelly Lloyd's decision not to prosecute (supposedly "[a]fter careful consideration of all the facts and circumstances surrounding this incident" [R. 6a]), despite knowing that the overwhelming amount of evidence (including admission to the crime [as well as another crime in Philadelphia County by email only (R. 15a-16a)] by the perpetrator in writing through an email on a password protected email account [R. 15a] and in writing through text messages on a most likely password protected cell phone [R. 14a] and what Appellant said concurring with the admissions, both factually and what he cited legally, in the original private criminal complaint, and what he clearly delineated after the decision not to prosecute [R. 113a-114a]) contradicted what the Attorney for the Commonwealth Kelly Lloyd said that Appellant said in her Summary of Facts and Probable Cause (namely "Complainant alleges Nora Czerwonka entered his car without his permission and placed his property inside the car" [R. 5a]), amount to bad faith prior to trial, considering that "bad faith" can be defined as "a dishonest belief" (Appendix F. Bad faith, Wex Legal Dictionary., p. i) and "an untrustworthy performance of duties" (Appendix F. Bad faith, Wex Legal Dictionary., p. i), and is therefore not within Appellant's, Appellant's grandmother's, and the public interest?

IV. Is it an error of law and fact to state that an arbitrary decision is within prosecutorial discretion?

V. Is the ability to claim to prosecute or not prosecute someone based on an alleged claim, namely "Complainant alleges Nora Czerwonka entered his car without his permission and placed his property inside the car" (R. 5a), that can be proven that no one else actually ever said, which is a reversible error of fact, arbitrary

and thus outside of prosecutorial discretion, without merit, and without precedent?

VI. Does the overwhelming amount of evidence/facts of the case, including admission to the crime by the perpetrator in writing through an email on a password protected email account (R. 15a) and in writing through text messages on a most likely password protected cell phone (R. 14a) and the handwriting of Nora Czerwonka in Appellant's car (R. 5a) and the fact that Nora Czerwonka is already a self-admitted felon in Philadelphia County (R. 15a-16a), support the outcome of the Honorable Judge Hilles's decision, which is not within the Appellant's, Appellant's grandmother's, or the public interest?

VII. Since the Summary of Facts and Probable Cause (R. 5a) were not true and were proven false, making it an error of fact, are not the Reasons for Disapproval (R. 5a) raised off of the Summary of Facts and Probable Cause (R. 5a) effectively moot and need not to be discussed in order for a granting of the motion/petition for private criminal complaint-denial?

VIII. Is it an error of law to believe that the Equal Protection Clause of the Fourteenth Amendment (U.S. Const. Amend. XIV) has applied in Appellant's case, where a judge and a prosecutor knowingly are denying the law to apply to Appellant or Peter Czerwonka's grandmother?

Appellant's Brief at 4-7.

The Rules of Criminal Procedure provide the following with regard to

private criminal complaints:

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

> (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

A private criminal complaint must set forth a *prima facie* case of criminal conduct. ***A.S. v. Kane***, 145 A.3d 1167, 1168-69 (Pa. Super. 2016). "The district attorney must investigate the allegations of a properly drafted complaint to enable the exercise of his discretion concerning whether to approve or disapprove the complaint." ***Id.*** When a complaint has been denied, the complainant may seek review in the Court of Common Pleas. Upon review, the court must first identify whether the prosecutor's denial was based upon a legal evaluation of the complaint, or upon policy considerations. ***Id.*** When the decision to deny the complaint is a legal one, the trial court conducts a *de novo* review, whereas when the decision is based on policy considerations, the trial court accords deference to the decision and should not interfere absent bad faith, fraud, or unconstitutionality. ***Id.***

Appellant raises several arguments urging us to order the Commonwealth to prosecute his private criminal complaint against his mother. For example, Appellant argues that the denial of his private criminal complaint was both arbitrary and a denial of due process. We hold that the Commonwealth correctly declined to prosecute Appellant's complaint for the simple reason that it failed to set forth a *prima facie* case of criminal conduct.

Accordingly, we need not address Appellant's claims of arbitrariness or lack of due process.

Appellant accuses his mother of committing criminal trespass by breaking into his vehicle. The criminal trespass statute provides in relevant part that an individual commits an offense if, "knowing that he is not licensed or privileged to do so," he "breaks into" any "occupied structure." 18 Pa.C.S.A. § 3503(a)(1)(ii). An "occupied structure" is "[a]ny structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business[1] therein, whether or not a person is actually present." 18 Pa.C.S.A. § 350I. "Breaking into" is "[t]o gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access." 18 Pa.C.S.A. § 3503(a)(3).

"To determine whether a structure is adapted for overnight accommodation, a court considers the nature of the structure itself and its intended use, and not whether the structure is in fact inhabited." *Commonwealth v. James*, 268 A.3d 461, 467 (Pa. Super. 2021). Most decisions relating to whether a structure is adapted for overnight accommodation concern buildings instead of cars. *See*, *e.g.*, *id.* at 467-68 (in prosecution for discharge of firearm into occupied structure, garage directly beneath complainant's living quarters and under same roof as rest of

---

[1] Appellant did not argue, either below or in this Court, that his car was adapted for carrying on business.

complainant's home constituted occupied structure). The only decision we can find concerning a vehicle is **Commonwealth v. Mayer**, 362 A.2d 407 (Pa. Super. 1976), in which we held in a burglary prosecution that a finished but uninhabited mobile home trailer was an occupied structure because it was adapted for overnight accommodation. **Id.** at 408 & n.3 (citing police chief's cursory testimony that there were "living accommodations").

Here, the trial court held that Appellant failed to demonstrate that his car was an occupied structure, because he failed to present any factual basis that the car was adapted for overnight accommodation. Appellant contends in his brief that he submitted a flash drive to the trial court which showed a sleeping bag inside the car. The sleeping bag, he continues, demonstrates that he adapted his car for overnight accommodation. It does not appear that Appellant made this claim at the trial court level. We see nothing about a sleeping bag in his private criminal complaint or in the transcript of the August 27, 2021 hearing. Nor does the record contain the flash drive that Appellant refers to in his brief. Furthermore, we see no other evidence in the record that supports the proposition that the car was adapted for overnight accommodation. Thus, we agree with the trial court's conclusion that there was no factual foundation for the occupied structure element of criminal trespass.

In addition, the trial court concluded, and we agree, that Appellant fails to allege that his mother "broke into" his car. Appellant alleges that his

mother "managed to break into my locked car ... using a spare key that [she] happened to find that was still at the home where she lives." Private Criminal Complaint. In an email to Appellant, his mother proposed that she could "lock [his] things in [his] car using the emergency spare car keys" she had in her possession. Appellant provided no evidence or indication to suggest that his mother was on notice that she lacked permission to do so. In fact, after his mother informed him about placing his property in his car, Appellant responded with questions about the property instead of with questions about why she entered the car. This evidence establishes that Appellant's mother's entry into the car was not unauthorized. She believed she was licensed to enter Appellant's vehicle because she possessed his emergency spare key, and she had no indication from Appellant that she lacked permission to do so.

In short, the trial court properly denied Appellant's appeal because he failed to allege facts sufficient to establish a *prima facie* case of two elements of criminal trespass, specifically, the elements that Appellant's mother "broke into" an "occupied structure."

Order affirmed. Appellant's second application to amend record denied.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>7/21/2022</u>